**FILED**

SEP 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSEMARY DETTLING )
3401 N. Ohio Street )
Arlington, Virginia 22207 )
703 532 7112 )
     Plaintiff, )
     )
     )
     v. ) Civil Action No.
     )
     CASE NUMBER  1:06CV01658
MARIA CINO,
ACTING SECRETARY JUDGE: Reggie B. Walton
U.S. DEPARTMENT OF TRANSPORTATION
400 7th Street, S.W. DECK TYPE: Employment Discrimination
Washington, D.C. 20590
DATE STAMP: 09/27/2006
     Defendant. )
     )
     )

*JURY ACTION*

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Rosemary Dettling brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). The Department of Transportation (hereafter "DOT" or "the Agency") discriminated against Ms. Dettling (hereafter "Plaintiff") because of her sex (female) when it hired her at a lower grade than similarly situated male colleagues and retaliated against her for engaging in activities protected by Title VII.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3) - 1343(a)(4), and 42 U.S.C. § 2000e-5.

3. The claims asserted herein arose in the District of Columbia. The District of Columbia is also the

*1*

location of the acts relevant to the claims asserted by Plaintiff. Venue is appropriate in this Court

under 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4. Plaintiff currently works as an Attorney-Advisor in the General Law Division, Office of the Chief

Counsel, Federal Motor Carrier Safety Administration (FMCSA), DOT. Plaintiff resides at: 3401 N.

Ohio Street, Arlington, Virginia, 22207, (703) 532-7112.

5. Defendant Maria Cino is the Acting Secretary of DOT. The Acting Secretary is being sued in her

official capacity as provided by law based on her executive responsibility for administering DOT

personnel policies and her responsibility to enforce and to promote equal employment opportunity

throughout the Agency. During the relevant time period, DOT employed well-over 500 employees.

6. Judith A. Rutledge is not a defendant in this lawsuit but was named in Plaintiff's Equal

Employment Opportunity (EEO) complaint as a discriminating official. Ms. Rutledge is FMCSA's

Deputy Chief Counsel. Over the last three years, Ms. Rutledge has been Plaintiff's first-line, second-

line and third-line supervisor. She was the primary official responsible for denying Plaintiff a GS-14

upon hire and retaliating against Plaintiff after she engaged in protected activity.

7. Suzanne M. Te Beau is not a defendant in this lawsuit but was named in Plaintiff's EEO complaint

as a discriminating official. Ms. Te Beau is FMCSA's Chief Counsel. During the relevant time

period, Ms. Te Beau was Plaintiff's second-line supervisor. She was responsible for retaliating against

Plaintiff and failing to take reasonable care to end the retaliatory harassment.

8. Brigham A. McCown is not a defendant in this lawsuit but was named in Plaintiff's EEO complaint

as a discriminating official. He was formerly FMCSA's Chief Counsel and Plaintiff's third-line

2

supervisor. Mr. McCown was responsible for retaliating against Plaintiff and failing to take reasonable care to end the retaliatory harassment. Mr. McCown is now the Deputy Administrator at the Pipeline and Hazardous Materials Safety Administration of DOT.

9. Annette Sandberg is not a defendant in this lawsuit but was named in Plaintiff's EEO complaint as a discriminating official. At the time of the dispute, she was FMCSA's Administrator. She was responsible for retaliating against Plaintiff and failing to take reasonable care to end the retaliatory harassment

## FACTS

10. Plaintiff restates and re-alleges the allegations of the Complaint set forth in paragraphs 1 through 9 above.

11. In August 2002, Ms. Rutledge received authorization to hire three Attorney-Advisors between the GS-12 and GS-14 levels in the Office of Chief Counsel, FMCSA.

12. In September 2002, Plaintiff interviewed for a General Law Attorney-Advisor position in the General Law Division, Office of Chief Counsel, FMCSA.

13. Since FMCSA's inception in 2000, all non-supervisory Attorney-Advisor positions, other than Plaintiff's position, in the General Law Division have been classified and filled at the GS-13/14 level.

14. When Plaintiff entered duty in November 2002, the Agency required Plaintiff to take a downgrade to the GS-13 level.

15. Upon hire, the Agency misclassified Plaintiff in a lower-graded GS-12/13 Attorney-Advisor position even though the Agency knew Plaintiff would not be performing the job duties of the GS-12/13 position.

16. During her tenure at DOT, Plaintiff never performed the job duties of the lower-graded GS-12/13 position.

17. Since her date of hire, Plaintiff has performed the same job duties as her male colleagues who were hired into GS-13/14 General Law Attorney-Advisor positions.

18. Male employees hired into Attorney-Advisor positions in the General Law Division before her (Florian Chess, Kirk Foster, Robert Brown) and after her (Kenneth William, Bryan Downey) were classified in, and hired into, GS-13/14 General Law Division positions.

19. No male Attorney-Advisors in the General Law Division were hired into a GS-12/13 position.

20. No male Attorney-Advisors in the General Law Division were downgraded to a GS-13 upon hire.

21. DOT merit system policy and practice has been that federal Attorney-Advisors are hired at their prior government grade levels.

22. Male Attorneys-Advisors in the General Law Division who had breaks-in-service were not required to take downgrades to the GS-13 level.

23. Less experienced male Attorney-Advisors in the General Law Division were hired at higher grades than Plaintiff.

24. Plaintiff had more government time-in-service than the male Attorney-Advisors hired in the General Law Division of FMCSA.

25. By denying Plaintiff a GS-14 upon hire, Defendant has effectively hampered and damaged Plaintiff's career. These and other adverse actions constitute a continuing violation of her rights under Title VII of the Civil Rights Act of 1964.

26. On February 27, 2004, Plaintiff filed a formal EEO complaint alleging sex discrimination and retaliation.

27. Before Plaintiff filed a formal EEO complaint, Plaintiff had the same level of responsibility as the higher paid male Attorney-Advisors in the General Law Division.

28. In July and August 2005, the Equal Employment Opportunity Commission (EEOC) conducted a six-day hearing in front of EEOC Administrative Judge (AJ) Marlin D. Schreffler at the EEOC's Baltimore Field Office.

29. In February 2006, the Agency suspended Plaintiff from employment during the time AJ Schreffler scheduled his Bench Decision.

30. In his Bench Decision, AJ Schreffler determined that the Agency discriminated against the Plaintiff on the basis of her sex under Title VII and the Equal Pay Act, and retaliated against her under these law, when it: failed to compensate at a level equal to her male colleagues; denied her telecommuting privileges; excessively scrutinized her work; took away her job responsibilities; denied her training; and refused to promote her.

31. On May 17, 2006, AJ Schreffler issued an Order Entering Judgment. AJ Schreffler ordered the Agency to, among other things, promote Plaintiff, award Plaintiff back pay retroactive to August 2003,

and award damages and benefits. AJ Schreffler also ordered the Agency to remove Ms. Rutledge from Plaintiff's supervisory chain of command without involuntarily removing Plaintiff from her position.

32. On July 3, 2006, the Agency issued a Final Order adopting AJ Schreffler's decision in full.

33. The Agency agreed to implement the specific relief ordered by the EEOC.

34. After filing an EEO complaint under Title VII, Plaintiff was subjected to retaliatory harassment.

35. After filing an EEO complaint under Title VII, Plaintiff was suspended without pay.

36. In retaliation for engaging in activities protected by Title VII, the Agency refused to reassign Plaintiff to another section.

37. In retaliation for engaging in activities protected by Title VII, the Agency refused to timely reimburse Plaintiff for official government travel.

38. In retaliation for engaging in activities protected by Title VII, the Agency refused to give Plaintiff bonuses or performance awards.

39. In retaliation for engaging in activities protected by Title VII, the Agency reduced Plaintiff's work responsibilities and scrutinized her work.

40. In October 2005, Plaintiff filed a second EEO complaint alleging retaliation under Title VII.

41. In September 2006, Plaintiff's new first-line supervisor, Assistant Chief Counsel of General Law Grant E. Lattin, abruptly resigned from his position from the Agency after only four months of employment.

42. Prior to his departure, Mr. Lattin informed staff members in the General Law Division that he was resigning because Ms. Te Beau and Ms. Rutledge pressured him to be the "hatchet man" against Plaintiff and severely criticized him for not supporting them in making unfavorable statements about Plaintiff's performance.

43. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of substantial past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities and loss of retirement savings and benefits.

44. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff additionally has suffered great emotional distress, embarrassment, humiliation, pain and anguish, as well as damage to her professional career and reputation.

## EXHAUSTION OF REMEDIES

45. Plaintiff exhausted all administrative requirements that apply to the processing of her complaints, including the filing of complaints with the Agency's EEO office.

## STATEMENT OF CLAIM

COUNT I: Sex Discrimination in Violation of Title VII

7

46. Plaintiff adopts and incorporates by reference paragraphs 1-45 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her sex (female) when they hired her at a lower grade than similarly situated male employees in the General Law Division, misclassified her job, and required her to take a downgrade. Plaintiff further alleges that these acts and practices violated Title VII as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

47. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT II: Retaliation for Engaging in Activities Protected by Title VII.

48. Plaintiff adopts and incorporates by reference paragraphs 1-47 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, retaliated against her for her opposition to Defendant's unlawful employment practices and her participation in protected activity and the EEO process. In retaliation for engaging in activities protected by Title VII, the Agency: assigned Ms. Rutledge as Plaintiff's first-line supervisor; refused to reassign Plaintiff to another section; pressured her first-line supervisors to retaliate against her; refused to timely reimburse Plaintiff for her official government travel; refused to give her a bonus or performance award; took away her work responsibilities; suspended her without pay for five days; and refused to remove Ms. Rutledge from Plaintiff's chain of command after the EEOC Ordered Ms. Rutledge removed from Plaintiff's chain of command. Plaintiff further alleges that these acts and practices violate Title VII as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

49. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT III: Hostile Work Environment under Title VII.

50. Plaintiff adopts and incorporates by reference paragraphs 1-49 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to a retaliatory hostile work environment that resulted in a tangible adverse employment action after she participated in protected activity under Title VII.

51. As a result of the Defendant's unlawful retaliatory harassment, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment for Plaintiff against Defendant;

B. Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

C. Order the Agency to retroactively promote Plaintiff to a GS-14 position to the date of hire with full back pay, including salary, benefits, and other entitlements;

D. Award Plaintiff award money and performance awards equal to those of similarly situated employees.

E. Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proven at trial;

F. Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest;

G. Order the Agency to refrain from taking any act of retaliation, including reassigning or terminating Plaintiff because of this suit, as well as to make work assignments available that enable her to use her expertise in the best interest of the Agency; and

H. Order such other equitable and legal relief as the Court deems necessary and appropriate.


## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to the claim set forth in this Complaint.


Respectfully submitted,


_Rosemary Detling_
Rosemary Detling
*Pro Se* Plaintiff
3401 N. Ohio Street
Arlington, VA 22207

Sept 27, 2006
Date