**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROSEMARY DETTLING, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARY E. PETERS, )<br>)<br>    Defendant. )<br>_____) | Civ. No.: 06-1658 (RBW) |

**ANSWER TO COMPLAINT**
**(SEX DISCRIMINATION AND RETALIATION)**

Defendant, by and through undersigned counsel, answers the allegations of the Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Some or all of Plaintiff's claims are time-barred or subject to laches.

THIRD DEFENSE

Plaintiff was not subjected to adverse actions by Defendant.

FOURTH DEFENSE

Plaintiff failed to mitigate her damages.

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. With regard to the allegations contained in the first sentence of paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Except for the specific forgoing admission

Defendant denies that it discriminated or retaliated against Plaintiff in any way in violation of Title VII or any other law.

2.     Paragraph 2 of the Complaint contains a jurisdictional statement as to which no response is required, but to the extent an answer is deemed necessary, Defendant admits that this Court has jurisdiction over the subject matter of this case.

3.     Paragraph 3 of the Complaint contains Plaintiff's venue allegations as to which no response is required, but to the extent an answer is deemed necessary, Defendant admits that venue is proper in the District of Columbia.

4.     Defendant admits that Plaintiff formerly worked as an Attorney-Advisor in the General Law Division, Office of the Chief Counsel, Federal Motor Carrier Safety Administration ("FMCSA"), the Department of Transportation ("DOT"), until her voluntary resignation effective December 29, 2006.  Defendant lacks sufficient information to either admit or deny the allegations contained in the second sentence of paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint to the extent they state that Maria Cino is the Acting Secretary of DOT, and further states that Mary E. Peters is the current Secretary of DOT.  Defendant admits the remaining allegations contained in paragraph 5 of the Complaint.

6.     Defendant admits the allegations contained in the first and second sentences of paragraph 6 of the Complaint.  As to the third sentence of paragraph 6 of the Complaint, Defendant admits that Ms. Rutledge has served at various times over the last three years as Plaintiff's first-line, second-line, and third-line supervisor.  Defendant denies the allegations contained in the fourth sentence of paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in the first and second sentences of paragraph 7 of the Complaint. Defendant admits that Suzanne Te Beau was at times Plaintiff's second-line supervisor prior to Plaintiff's voluntary resignation effective December 29, 2006, and otherwise denies the allegations contained in the third sentence of paragraph 7 of the Complaint. Defendant denies the allegations contained in the fourth sentence of paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in the first and second sentences of paragraph 8 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 8 of the Complaint. Defendant admits the allegations contained in the fourth sentence of paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in the first sentence of paragraph 9 of the Complaint, and admits that Annette Sandburg served as FMCSA's Administrator during part of Plaintiff's employment with the Agency. Defendant denies the allegations contained in the third sentence of paragraph 9 of the Complaint.

10. Defendant incorporates by reference its Answers to paragraphs 1 through 9 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that on or about September 2002, Plaintiff interviewed for a General Law Attorney/Advisor position, GS-11/12/13, in the General Law Division, Office of Chief Counsel, FMCSA.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that Florian Chess, Kirk Foster, Robert Brown, Kenneth William, and Brian Downey were hired for vacancies in the General Law Division classified at the GS-13 or GS-14 level.

19.     Defendant admits the allegations contained in paragraph 19 of the Complaint.

20.     In response to the allegations contained in paragraph 20 of the Complaint, Defendant admits that no Attorney-Advisor in the General Law Division, male or female, has been "downgraded" to a GS-13 upon hire.

21.     Defendant admits that FMCSA hires attorneys at their prior government grade level when (1) the Agency intends to fill the vacant position at a level equal to the attorney's prior grade level and (2) the attorney's skills qualify him/her at that grade level.  Except for the foregoing admission, Defendant denies the allegations in paragraph 21.

22.     In response to the allegations contained in paragraph 22 of the Complaint, Defendant admits that no Attorney-Advisor in the General Law Division, male or female, has been required to take a "downgrade" to the GS-13 level.

23.     In response to the allegations contained in paragraph 23 of the Complaint, Defendant admits that some male Attorney-Advisors in the General Law Division may have had less experience than Plaintiff, and were hired for different vacancies classified at a higher grade level than that for which Plaintiff was hired.

24.     In response to the allegations contained in paragraph 24 of the Complaint, Defendant admits that some male Attorney-Advisors in the General Law Division may have had less

government time-in-service than Plaintiff, and were hired for different vacancies classified at a higher grade level than that for which Plaintiff was hired.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.    Defendant denies the allegations in paragraph 26 because Plaintiff filed her EEO complaint on February 25, 2004, not February 27, 2004, alleging sex discrimination and retaliation.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Defendant admits the allegations contained in paragraph 28 of the Complaint.

29.    Defendant admits that on February 2, 2006, Defendant suspended Plaintiff from employment for legitimate reasons, unrelated to her sex or EEO activity.

30.    In response to the allegations contained in paragraph 30 of the Complaint, Defendant admits that Administrative Judge Schreffler issued a bench decision, which speaks for itself.

31.    In response to the allegations contained in paragraph 31 of the Complaint, Defendant admits that Administrative Judge Schreffler issued an Order Entering Judgment on or about May 17, 2006, which speaks for itself.

32.    Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.    Defendant admits the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint to the extent that the allegations suggest that Plaintiff was suspended as a result of her filing an EEO complaint.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. In response to the allegations contained in paragraph 40 of the Complaint, Defendant admits that on or about October 2005, Plaintiff filed a second EEO complaint alleging retaliation under Title VII.

41. Defendant admits that on or about September 2006, Plaintiff's first-line supervisor, Assistant Chief Counsel of General Law Grant E. Lattin, resigned from his position at the agency after approximately 4 months of employment. Except for the specific forgoing admission, Defendant denies the allegations in paragraph 41.

42. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant lacks sufficient information to either admit or deny allegations contained in paragraph 45 of the Complaint.

46. In response to the first sentence of paragraph 46, Defendant incorporates by reference its answers to paragraph 1 through 45 of the Complaint. Defendant denies the remaining allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. In response to the first sentence of paragraph 48, Defendant incorporates by reference its answers to paragraph 1 through 47 of the Complaint. Defendant denies the remaining allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. In response to the first sentence of paragraph 50, Defendant incorporates by reference its answers to paragraph 1 through 49 of the Complaint. Defendant denies the remaining allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981(a)(b)(3)(D).

Defendant denies each and every allegation not specifically and expressly admitted herein.

WHEREFORE, the Defendant, having fully answered, requests the Court to deny the relief sought by the Plaintiff, to enter judgment in favor of the Defendant and against the Plaintiff, to dismiss the action with prejudice, and to award Defendant costs and other relief as the Court deems appropriate.

Dated:  February 2, 2007                                 Respectfully submitted,


                                                         __//s//_____
                                                         JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                         United States Attorney

                                                         _//s//_____
                                                         RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                         Assistant United States Attorney


                                            __//s//_____
JOHN C. TRUONG, D.C. Bar # 465901
Assistant United States Attorney
555 4th Street, N.W.
Washington DC 20530
Phone: 202-307-0406
Fax: 202-514-8780
john.truong@usdoj.gov


Of Counsel:
RAYMOND C. FAY, D.C. Bar #188649
LAURA C. FENTONMILLER, D.C. Bar #450813
Constantine Cannon LLP
1627 Eye Street, N.W., 10th Floor
Washington, D.C. 20006
Phone: 202-204-3500
Fax: 202-204-3501
rfay@constantinecannon.com
lfentonmiller@constantinecannon.com